IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN COULTER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 12-338 |
| | ) | |
| CHRISTINE STUDENY, et al., | ) | |
|     Defendants. | ) | |

MEMORORANDUM ORDER

Currently before the Court is Plaintiff Jean Coulter's "Motion to Strike, Motion for Special Relief in the Form of Sanctions Against Counsel for Defendants and Motion for Recusal and Change of Venue" (ECF No. 27). In this document, Plaintiff contends, as she has in at least two other civil rights cases that she has filed to date, that the undersigned should recuse from her cases and that a local rule of this Court which assigns all pro se civil rights cases to the same magistrate judge and the same district judge violates her rights under the equal protection clause. She also requests sanctions against Defendants' counsel for filing "improper" materials in this matter.

Recusal

Disqualification is governed by 28 U.S.C. § 455, which indicates that a magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned, when he has a person bias or prejudice, where he has a financial interest in the subject matter in controversy and in other circumstances so described. None of the factors applies to this case. Rather, Plaintiff's argument is based on the fact that, in the first civil rights case assigned to the undersigned (Civ. A. No. 11-1201), references were made to certain events in the public record in order to set the allegations of her complaint in context. Not only was

there nothing nefarious or improper about this action, but the Court of Appeals for the Third Circuit, in denying her appeal, made the same references. See Civ. A. No. 11-1201, ECF No. 30. A party's displeasure with legal rulings does not form an adequate basis for recusal. Securacomm Consulting, Inc. v. Securacomm, Inc., 224 F.3d 273, 278 (3d Cir. 2000). Thus, she has provided no basis for recusal, and her motion will be denied.

Special Relief

Plaintiff contends that a local rule of this Court, which provides that all related cases shall be assigned to the same judge and further provides that "[a]ll pro se civil rights actions by the same individual shall be deemed related," LCvR 40(D)(3), (E), violates her rights under the equal protection clause. Because of this rule, the undersigned has been assigned all of Plaintiff's pro se civil rights cases (viz., Civ. A. Nos. 11-1201, 12-60, 12-338 and 12-641) and in addition they were all assigned to District Judge Bissoon.[1] She requests that a "fair and impartial judge" hear this case and further requests that this Court transfer the case to a "Federal Court of appropriate authority outside of the Third Circuit." (ECF No. 27 at 4.)

"To prove an equal protection violation, claimants must prove purposeful discrimination, directed at an identifiable or suspect class." Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995). Plaintiff asserts that pro se litigants constitute a suspect class. She is wrong.

"Frequent pro se litigants are not a suspect class meriting strict scrutiny." Wolfe v. George, 486 F.3d 1120, 1126 (9th Cir. 2007) (footnote omitted). See also Grundstein v. State of Ohio, 2006 WL 3499990, at *7 (N.D. Ohio Dec. 5, 2006) ("Pro se litigants are not a suspect class and there is no fundamental right under the constitution to file frivolous lawsuits."); Posr v.

---

[1] Judge Bissoon recused herself from Civ. A. No. 12-641 (not because of Plaintiff's motion, which was denied) and it was assigned to Chief Judge Lancaster, who adopted a Report and Recommendation submitted by the undersigned and dismissed the case for lack of subject matter jurisdiction.

Dolan, 2003 WL 22203738, at *4 (S.D.N.Y. Sep. 23, 2003) ("pro se litigants have never been regarded as a suspect class."); Liptak v. Former State Judge Paul Banner, 2002 WL 378454, at *5 (N.D. Tex. Mar. 7, 2002) (same).

Like some other courts, this Court has adopted a procedure to assign related cases to the same judge, who has familiarity with them, and has designated pro se civil rights cases filed by the same individual (and habeas corpus cases filed by the same individual)[2] as being related. Plaintiff's constitutional rights have not been violated by the existence or application of this administrative rule. See Sibley v. Obama, 819 F. Supp. 2d 45, 51 (D.D.C. 2011) (rejecting pro se litigant's due process and equal protection challenges to district court's local rule deeming all pro se civil cases related and assigning them to the same judge). Moreover, as noted above, the two cases that have been dismissed thus far have actually been handled by two different district judges, thus undermining her contention that "this same Magistrate/District Judge team [has] swiftly 'dispatch[ed]' Pro Se Civil Rights Complaints…." (ECF No. 24 at 7.)

In addition, in making an equal protection challenge, the plaintiff must demonstrate that a discrimination of some substance has occurred which has not occurred against other individuals who were similarly situated. City of Cleburne, Texas v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Clements v. Fashing, 457 U.S. 957, 967 (1982). Plaintiff complains that LCvR 40 discriminates against her by assigning her cases to the same judges, but this does not constitute a "discrimination of some substance." She has not alleged that litigants who were represented by counsel were treated more favorably—that is, the Court (whether it was the undersigned or any other member of it) did not refer to documents of public record to put the matter in context where

---

[2] By coincidence, the undersigned was also assigned Plaintiff's habeas corpus action, Civ. A. No. 10-965, but the district judge on that case was Judge Conti. The petition was dismissed and the Court of Appeals denied a certificate of appealability.

3

appropriate or did not dismiss claims against judges on the basis of the doctrine of judicial immunity.

Plaintiff has provided no basis for this action to be transferred to another district court, much less to one outside of the Third Circuit. In addition, federal law only permits a district court to transfer an action to "any other district or division where it might have been brought," 28 U.S.C. § 1404(a). Plaintiff's claims, which arise out of acts that occurred within this district, could not have been brought anywhere else.

Sanctions

Plaintiff requests sanctions against counsel for Defendants, arguing that they have "entirely improperly, attempted to introduce information which is irrelevant and, in some instances, expressly forbidden by Federal Rules [sic] of Evidence 410." (ECF No. 24 at 2.) She appears to be complaining again about the references made to events that preceded her civil rights lawsuits, specifically her plea of nolo contendere to a charge of aggravated assault on her minor daughter, which resulted in her serving a sentence of 30 months followed by 36 months of probation. Defendants have attached to their briefs a copy of the criminal docket from the Court of Common Pleas of Butler County, a public record.

Plaintiff cites Federal Rule of Evidence 410, which concerns the inadmissibility of, inter alia, pleas of nolo contendere "against the defendant who made the plea." However, the mention of Plaintiff's nolo contendere plea in the background discussion of a Report and Recommendation or in Defendants' briefs does not "admit" the plea into evidence and does not use it "against" her, that is, to find her guilty or liable of anything. Thus, Rule 410 is inapplicable. As noted above, the Court of Appeals also mentioned this historical fact in its opinion denying her appeal.

As Plaintiff has failed to point to any inappropriate activity on the part of Defendants or their counsel, her motion for sanctions will be denied.

AND NOW, THEREFORE, this 10th day of July, 2012,

IT IS HEREBY ORDERED that the Motion to Strike, Motion for Special Relief in the Form of Sanctions Against Counsel for Defendants and Motion for Recusal and Change of Venue (ECF No. 27) filed by Plaintiff is denied.

s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge

cc: Jean Coulter
4000 Presidential Boulevard
Apartment 507
Philadelphia, PA 19131