IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN COULTER,  )
    Plaintiff,  )
  )
    vs.  )  Civil Action No. 12-338
  )  Judge Bissoon
BUTLER COUNTY CHILDREN AND  )  Magistrate Judge Mitchell
YOUTH SERVICES, et al.,  )
    Defendants.  )

## REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the motion to dismiss the Amended Complaint filed by Defendants Joyce C. Ainsworth, Butler County Children and Youth Services, Rochelle Graham, Charles L. Johns and Dennis McCurdy (ECF No. 30) be granted. It is further recommended that the motion to dismiss the Amended Complaint filed by Defendants Gary D. Alexander, Elaine Bobick, Michael J. Kazmer, Michael Nuzzo and Roseann Perry (ECF No. 32) be granted.

II.    Report

Plaintiff, Jean Coulter, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983,[1] alleging that the defendants violated her due process rights and her "fundamental rights as a parent" when they delayed in providing her with certain unidentified mental health records concerning her minor daughter during the proceedings that ultimately concluded in the termination of her parental rights over her daughter by the Butler County Court of Common Pleas. She names as defendants Butler County Children and Youth Services (CYS), and four

---

[1] This is the third in a series of six cases she has filed since September 2011. See Civ. A. Nos. 11-1201, 12-60, 12-641 and 12-1050.

CYS employees (Joyce Ainsworth, Rochelle Graham, Charles L. Johns and Dennis McCurdy) (together, the CYS Defendants), as well as five individual employees of the Pennsylvania Department of Public Welfare (Gary D. Alexander, Elaine Bobick, Michael J. Kazmer, Michael Nuzzo and Roseann Perry) (together, the DPW Defendants).

Presently before this Court for disposition are two motions to dismiss the Amended Complaint, one brought by CYS Defendants and the other by the DPW Defendants. For the reasons that follow, the motions should be granted.

Facts

The Amended Complaint alleges Plaintiff is the mother of A.C., who was in foster care supervised by CYS when her parental rights were "under attack" by that agency through the actions of Dennis McCurdy. (Am. Compl. ¶ 13.)[2] She further alleges that Rochelle Graham failed to tell her about emergency mental health treatment that A.C. received in 2008; that she contacted Michael Kazmer in February 2010 to ask that DPW investigate the matter; that in April 2010 Michael Nuzzo was sent to investigate but lied by saying there were no records; that she contacted Roseann Perry and Elaine Bobick but received no help from them; that in late Spring 2010 she learned (when A.C.'s foster family found a journal with suicidal ideations and a plan) that A.C. had received emergency mental health treatment; that Nuzzo told her she could inspect the files but she found significant documents missing; that Joyce Ainsworth and Charles Johns of CYS knew of these deceptions; that in August 2010 she finally received portions of the hidden records; that she approached Gary Alexander (Secretary of DPW) to ask that he tell his employees to do their jobs but instead he covered up their criminal acts; that in November 2010 Nuzzo produced a violation report concerning CYS's concealment of the records (although he

---

[2] ECF No. 26.

2

had uncovered it months earlier) but Defendants delayed Plaintiff's access to it so that she could not utilize it in the termination proceeding; that they deprived her of her ability to successfully challenge the testimony of CYS's chief witness; and that DPW, although aware that Plaintiff had no attorney, failed to order CYS to stay matters. (Am. Compl. ¶¶ 13-26.) She contends that timely release of emergency mental health treatment received by Plaintiff's daughter in Spring 2008 would have "proven a pattern of perjury by Defendant Graham, and should have disqualified this witness from further testimony—thus bring the Termination Proceedings to a lengthy stop." (Am. Compl. at 5.)

As the public record indicates,[3] A.C. was formally detained by CYS on February 21, 2006 (at which time she was ten years old) based on her allegations of both physical and sexual abuse as well as inappropriate and extreme forms of discipline perpetrated upon her by Plaintiff. Following a hearing and recommendations of a Juvenile Master, on July 3, 2006, the Court found that A.C. was a victim of sexual abuse and exploitation and the perpetrator was Plaintiff, her natural mother. Plaintiff was charged with one count of involuntary deviant sexual intercourse, two counts of aggravated assault, recklessly endangering another person, endangering the welfare of a child and four counts of simple assault at No. 727 of 2006 in the Criminal Division of the Court of Common Pleas of Butler County, Pennsylvania. On May 11, 2007, Plaintiff entered a negotiated plea of nolo contedere to one count of aggravated assault, a felony of the second degree, violating 18 Pa. C.S. § 2702(a)(4). On July 17, 2007, Judge William Shaffer sentenced her to a 15 to 30-month period of incarceration to be followed by 36 months of probation.

---

[3] Plaintiff vehemently objects whenever any party or this Court relates the background information relating to her civil rights complaints. As has been repeatedly explained to her (see Order at ECF No. 29), this information is not only necessary to understand the context of her claims, but is part of the public record.

The child was adjudicated dependent as a result of Plaintiff's actions at Dependency Action CP-10-DP-0000051-2006. Plaintiff served her maximum sentence for the criminal conviction and on January 25, 2010, she was released from prison and began serving her probationary term.

On January 22, 2010, three days prior to her release from prison, the Commonwealth filed a "Motion for Special Conditions of Probation," in which it stated that her State Parole and Probation Officer was requesting that special conditions be placed on her probation, including that she have no contact with her daughter, the victim in the case. On January 26, 2010, the day after her release, she met with Dennis Hoerner, a parole supervisor for the Butler County suboffice of the Pennsylvania Board of Probation and Parole, as well as Agent Thomas Forrest from the same office, who was to supervise her while on probation. During this meeting, Mr. Hoerner informed Plaintiff of a written instruction he had prepared, which instructed her not to have contact with her daughter, and she signed this condition. The trial court held an evidentiary hearing on the Commonwealth's motion on February 1, 2010, and on February 2, 2010, Judge Shaffer granted the Commonwealth's motion. (ECF No. 32 Ex. C.) Plaintiff appealed and on February 25, 2011, the Superior Court affirmed the decision of the trial court. (ECF No. 32 Ex. E.) She filed a petition for allowance of appeal with the Pennsylvania Supreme Court, but on October 13, 2011, that court denied her petition. (ECF No. 32 Ex. G.)

As a result of all of these proceedings, another proceeding was initiated in Orphans' Court to terminate Plaintiff's parental rights at No. O.A. 57 of 2007. On January 11, 2011, Judge Thomas Doerr filed a Memorandum Opinion which terminated Plaintiff's parental rights as to A.C. and ordered custody of A.C. to remain with CYS (which had the right to proceed with A.C.'s adoption). (ECF No. 31 Exs. D, E.) Plaintiff appealed and on November 21, 2011 the

Superior Court affirmed Judge Doerr's decision. She filed a petition for allowance of appeal, but the Pennsylvania Supreme Court denied it on February 23, 2012.

Thus, properly placed in context, Plaintiff's claim appears to be that, during the termination proceeding, she did not receive certain documents that would have revealed that her daughter received emergency mental health treatment while in CYS custody because of the actions of the named defendants. She contends that, had she received this information, she could have used it to challenge the proceedings and witnesses or stopped the proceedings from continuing so that they would not have resulted in the termination of her parental rights.

Procedural History

Plaintiff filed an initial complaint on March 20, 2012 (ECF No. 1). On June 18, 2012, motions to dismiss were filed by the CYS Defendants (ECF No. 21) and the DPW Defendants (ECF No. 23). On July 6, 2012, Plaintiff filed an Amended Complaint (ECF No. 26). The Amended Complaint alleges that CYS was required by both federal and state mandate to make reasonable efforts to reunite her with her daughter and that, by not keeping her promptly informed of her daughter's medical and mental health treatments, Defendants violated her rights to due process and her "fundamental rights as a parent." She requests $100,000,000 in damages and asks that the Court "inform appropriate Law Enforcement Authorities of the Criminal Actions by Defendants in this matter, in order that appropriate Criminal Prosecutions may promptly commence." (Am. Compl. at 21.)

On July 19, 2012, motions to dismiss the Amended Complaint were filed by the CYS Defendants (ECF No. 30) and the DPW Defendants (ECF No. 32).

Standard of Review

The Supreme Court recently issued two decisions that pertain to the standard of review

for a motion to dismiss for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (citations omitted). Mere "possibilities" of misconduct are insufficient. Id. at 1949-50. District courts are required to engage in a two part inquiry:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions…. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a "plausible claim for relief." … In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

In reviewing a motion to dismiss, the Court may consider matters of public record, including Plaintiff's criminal case, the daughter's dependency case and Plaintiff's case concerning the termination of her parental rights. See Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The CYS Defendants have attached to their brief, among other public records, the June 30, 2010 order of Judge Horan dismissing Plaintiff's civil complaint in Butler County, the docket sheet for her criminal case, and the

January 11, 2011 opinion and order of Judge Doerr terminating Plaintiff's parental rights. (ECF No. 31 Exs. B, C, D, E.) All of these public records may be cited without converting the motion into a motion for summary judgment. In addition, this Court takes note of the November 21, 2011 decision of the Superior Court denying Plaintiff's appeal of the termination of her parental rights and the February 23, 2012 order of the Pennsylvania Supreme Court denying her petition for allowance of appeal.

All Defendants argue that Plaintiff has failed to state a claim upon which relief could be granted because her vague assertions that some documents relating to her daughter's emergency mental health treatment were not provided to her in a timely manner do not have any connection to the decision of the Butler County Court of Common Pleas to terminate her parental rights. In addition, the DPW Defendants argue that Eleventh Amendment immunity bars all official capacity claims against them.

Procedural Due Process

Involuntary termination of parental rights is governed by statute, 23 Pa. C.S. § 2511. The statute provides nine bases for the involuntary termination of parental rights, including conviction of the parent for the crime of aggravated assault with the child as the victim. 23 Pa. C.S. § 2511(a)(9)(ii). The court must perform a two-step analysis, first determining whether the parent's conduct warrants the termination of parental rights under § 2511(a), and then, if so, determining whether termination will serve the best interests of the child pursuant to § 2511(b). In re R.M.G., 997 A.2d 339, 348 (Pa. Super. 2010).

Plaintiff pleaded nolo contendere to the second-degree felony of aggravated assault and the victim was Plaintiff's daughter. This alone would have been sufficient to satisfy the first part of the test. See Commonwealth v. Leidig, 850 A.2d 743, 745 (Pa. Super. 2004) (a plea of nolo

7

contendere is treated the same as a guilty plea under Pennsylvania law). Nevertheless, in a lengthy and detailed opinion, Judge Doerr found 3 other bases for termination: repeated abuse under 23 Pa. C.S. § 2511(a)(2), removal of the child for 6 months with no evidence mother could remedy conditions leading to removal under § 2511(a)(5), and removal for 12 months and the conditions remain under § 2511(a)(8). (ECF No. 31 Ex. D at 20-25.) The court then conducted an analysis of the best interests of the child as required by § 2511(b), noted that mother refused to accept responsibility for her actions, that the daughter expressed no desire to reunite with her, and that the mother failed to cooperate with CYS. (ECF No. 31 Ex. D at 27-032.) Therefore, the court concluded that the daughter's interests were best served by having Plaintiff's parental rights terminated and allowing the proposed adoption through CYS to proceed. In the opinion, the court outlined how it had found the daughter's testimony credible, Plaintiff's testimony incredible, the police chief's testimony credible, Plaintiff's character witnesses' testimony credible but of little probative value, Plaintiff's psychologist's testimony credible and extremely probative on cross-examination, CYS's expert psychologist's testimony credible, and Plaintiff's psychiatrist's testimony lacking in sufficient indicia of reliability because it was based only on her self-reporting (she admitted only one incident of abuse, but other credible evidence established a longstanding pattern and therefore she continued to pose a risk to the daughter). (ECF No. 31 Ex. D at 10-20.)

It is noted that Plaintiff had a seven-day hearing before Judge Doerr where she was represented by counsel.[4] She appealed the decision to the Superior Court, and the court affirmed the decision. The Superior Court adopted the trial court's discussion as to the issue of the

---

[4] The court noted that, during the course of proceeding, Plaintiff was represented by nine different attorneys, culminating in the withdrawal of the last attorney due to her own behavior, and that she had also represented herself pro se on numerous occasions and engaged in hybrid representation. (ECF No. 31 Ex. D at 1 n.2.)

8

termination of her rights as dispositive. (Super. Ct. Op. Nov. 21, 2011 at 13.) She then filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied.

Given the extensive procedural history of the case, Plaintiff's mere allegation that she did not receive – or did not receive in a timely manner – some unidentified document relating to an emergency mental health treatment her daughter received does not state a claim that she was denied due process in any way in the termination proceeding. The court concluded that she committed serious acts of abuse upon her daughter, that she never expressed any regret for these acts, and that the daughter had no relationship with her and expressed fear at the prospect of being reunited with her. Based upon the extensive evidence, testimony and credibility determinations, the court concluded that the statutory factors were met and that the best interests of the child would be served by terminating Plaintiff's parental rights and allowing the daughter's adoption to proceed.

In other words, Plaintiff received all the process to which she was "due." "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in an meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (citation omitted). This standard applies to the proceeding as a whole, not each individual witness, piece of evidence or trial court ruling. Based upon the public record, Plaintiff cannot maintain a claim that she was denied procedural due process with respect to the parental rights termination hearing.

Plaintiff cites Brady v. Maryland, 373 U.S. 83 (1963), a habeas corpus case in which the Supreme Court held that suppression of evidence favorable to the accused can amount to a denial of due process. What Plaintiff neglects to mention is that: "a valid Brady complaint contains three elements: 1) the prosecution must suppress or withhold evidence, 2) which is favorable,

9

and 3) material to the defense." United States v. Perdomo, 929 F.2d 967, 970 (3d Cir. 1991) (citing Moore v. Illinois, 408 U.S. 786 (1972)). Evidence is only "material" to the defense "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433-34 (1995) (citation omitted). For all the reasons cited above, there is no basis to conclude that there is a "reasonable probability" that the result of the termination proceeding would have been different.

Plaintiff also contends that her "fundamental rights of a parent" were violated. First, it must be observed that the fact that she did not receive, or did not receive in a timely manner, one record of the daughter's emergency mental health treatment cannot be said to have violated any of Plaintiff's fundamental rights as a parent. Once again, Plaintiff has focused on one tiny aspect of a proceeding, namely the termination of parental rights hearing, which did culminate in the termination of her parental rights. Thus, it was the proceeding as a whole, and not one particular aspect of it, that could be said to have interfered with her rights as a parent.

"The Supreme Court has recognized a 'fundamental liberty interest of natural parents in the care, custody, and management of their child." Miller v. City of Phila., 174 F.3d 368, 373 (3d Cir. 1999) (quoting Santosky v. Kramer, 455 U.S. 745, 753 (1982)). "This interest, however, must be balanced against the state's interest in protecting children suspected of being abused." Id. (citing Croft v. Westmoreland County Children & Youth Servs., 103 F.3d 1123, 1125 (3d Cir. 1997)).

In this case, as outlined above, the state engaged in a lengthy process in which Plaintiff was provided with procedural due process: counsel, extensions of time, the right to submit evidence and call witnesses. Based upon the record, the court concluded that Plaintiff had abused her child and posed a threat of doing so again. The state's interest in protecting the child

from Plaintiff therefore outweighed Plaintiff's liberty interest in the care, custody and management of her child and her parental rights were terminated. There is no basis for finding a violation of Plaintiff's rights.

In addition, Plaintiff cannot allege the appropriate level of conduct. "To generate liability, executive action must be so ill-conceived or malicious that it 'shocks the conscience.'" Miller, 174 F.3d at 375 (citing County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)). The delay or failure to provide Plaintiff with a single record cannot be said to shock the conscience.

In her response, Plaintiff requests sanctions against counsel for Defendants, arguing that they have "all (either directly or through 'incorporation' by reference) utilized evidence which is entirely irrelevant and forbidden for introduction before a jury and therefore forbidden to be placed for consideration by this Court (by Rule 410 from unreliable sources, etc." (ECF No. 35 at 1.) She appears to be complaining again about the references made to events that preceded her civil rights lawsuits, specifically her plea of nolo contendere to a charge of aggravated assault on her minor daughter, which resulted in her serving a sentence of 30 months followed by 36 months of probation. Defendants have attached to their briefs a copy of the criminal docket from the Court of Common Pleas of Butler County, a public record.

Plaintiff cites Federal Rule of Evidence 410, which concerns the inadmissibility of, inter alia, pleas of nolo contendere "against the defendant who made the plea." However, the mention of Plaintiff's nolo contendere plea in the background discussion of a Report and Recommendation or in Defendants' briefs does not "admit" the plea into evidence and does not use it "against" her, that is, to find her guilty or liable of anything. Thus, Rule 410 is inapplicable. The Court of Appeals also mentioned this historical fact in its opinion denying her appeal in Civil Action No. 11-1201.

11

The Court of Appeals has directed that, prior to dismissing a complaint, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245. However, Plaintiff has already amended her complaint once. The Court concludes that it would be futile to allow Plaintiff to amend her complaint to pursue these frivolous allegations further.

Plaintiff insists that she must be given the opportunity to engage in discovery to obtain the missing document and that she will then move to amend her complaint once discovery is complete. However, the Court concludes that, irrespective of what this document might say, it would not alter the outcome of this case.

For these reasons, it is recommended that the motion to dismiss the Amended Complaint filed by Defendants Joyce C. Ainsworth, Butler County Children and Youth Services, Rochelle Graham, Charles L. Johns and Dennis McCurdy (ECF No. 30) be granted. It is further recommended that the motion to dismiss the Amended Complaint filed by Defendants Gary D. Alexander, Elaine Bobick, Michael J. Kazmer, Michael Nuzzo and Roseann Perry (ECF No. 32) be granted.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within the time specified in the Notice of Electronic Filing. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will waive the right of appeal.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: August 21, 2012

cc:     Jean Coulter
        4000 Presidential Boulevard
        Apartment #507
        Philadelphia, PA 19131