IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER, | ) |
| Plaintiff, | ) ) ) ) Civil Action No. 12-338 |
| v. | ) Judge Cathy Bissoon ) Magistrate Judge Mitchell |
| BUTLER COUNTY CHILDREN AND YOUTH SERVICES, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Jean Coulter ("Plaintiff") brings the instant cause of action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq*. Plaintiff alleges that a host of Defendants violated her right to due process, as well as her "fundamental rights as a parent[,]" when they delayed in providing her certain unidentified mental health records concerning her minor daughter during the course of state court proceedings that resulted in the termination of her parental rights over the child. See generally (Doc. 1).

This matter was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges. On August 21, 2012, the magistrate judge issued a report and recommendation recommending that motions to dismiss filed by Defendants, see (Docs. 30 and 32), be granted, and that this case be dismissed. (Doc. 36). Plaintiff timely filed objections on August 31, 2012. (Doc. 37).

The bases for Plaintiff's objections are largely addressed in the magistrate judge's latest report. However, in the interest of thoroughness, the undersigned will address two issues specifically.

1

First, Plaintiff argues that the magistrate judge erred when he stated that a plea of *nolo contendere* is treated the same as a guilty plea under Pennsylvania law. (Doc. 36 at 7-8); (Doc. 37 ¶¶ 2-3). Plaintiff is correct as to this issue. Under Pennsylvania law, a plea of *nolo contendere* is the same as a conviction for a case in which such a plea is entered; it cannot be used as proof of guilt in another proceeding. See, e.g., United States v. Poellnitz, 372 F.3d 562, 566-67 (3d Cir. 2004). Be that as it may, the magistrate judge's error is harmless to the disposition of this case. A review of the report, as well as the decision of the state court decision in the underlying termination proceedings, see (Doc. 31-4), demonstrates that the state court based its decision to terminate Plaintiff's parental rights on multiple independent factual and legal conclusion – none of which stemmed from Plaintiff's *nolo* plea regarding the abuse of her child. Indeed, the state court explicitly disregarded Plaintiff's conviction in its opinion and, instead, made independent factual findings of Plaintiff's abuse of her child, under the clear and convincing evidence standard, based on, *inter alia*, the testimony of Plaintiff and the child taken during the seven days of hearings in this case.[1] See generally, (Doc. 31-4). Given the state

---

[1] The state court's independent factual determination regarding the abuse perpetrated by Plaintiff on her minor child would appear to undermine Plaintiff's misplaced argument that Rule 410 of the Federal Rules of Evidence somehow precludes this Court from referencing that abuse when laying out the background for the instant lawsuit. See (Doc. 37 at 9 and 12-13). To the extent that Plaintiff asserts that it is improper for this Court to consider – or even acknowledge – the existence of these state court proceedings, she is mistaken. Even when adjudicating a motion to dismiss for failure to state a claim, courts are permitted to take judicial notice of matters of public record, prior judicial opinions, and official court records. See, e.g., McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009); Carlev v. Wheeled Coach, 991 F.2d 1117, 1126 (3d Cir. 1993) (citing Gov't of Virgin Islands v. Testamark, 528 F.2d 742, 743 (3d Cir. 1976)). Furthermore, it is proper for a court to consider documents that are incorporated by reference or integral to a complaint – as, indeed, the underlying state court decision is integral to Plaintiff's current claims of due process violations. Buck v. Hampton Tp. School. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Accordingly, this Court takes judicial notice of the state court's opinion and order in Plaintiff's termination proceedings, as well as the docket in that case, for the purposes of (continued. . .)

court's thorough analysis of whether Plaintiff's parental rights should have been terminated, as detailed more fully by the magistrate judge in his report, it is clear that Plaintiff was given all of the process that she was due.

Next, this Court will discuss Plaintiff's baseless accusation of criminal and unethical activity on the part of the undersigned and the magistrate judge, see (Doc. 37 at 10 and 12-21), as well as her latest attempt to force recusal and the immediate "TRANSFER [of] this matter (without the inclusion of determinations already produced), and any/all others involving [Plaintiff], to a Federal Court of appropriate authority outside of the Third Circuit." Id. at 14-15 (emphasis in original). Initially, it is unlikely that any court outside of this circuit could exercise personal jurisdiction over the litigants in this case. See, e.g., International Shoe Co. v. Washington, 326 U.S. 310, 316-17 (1945). Second, it is telling that Plaintiff seeks transfer without any sort of accompanying public record, and this prayer for relief clearly is made in the hopes of obfuscating the lack of merit of her multiple, duplicative lawsuits. Third, even taking into account the magistrate judge's harmless error, as described above, there is no indication in the record of this case, or in any of Plaintiff's other, numerous civil rights cases, see infra, that the magistrate judge has behaved in a manner that "was anything other than completely fair and impartial." Coulter v. Doerr, No. 12-1864, 2012 WL 1941594, at *2 (3d Cir. May 30, 2012). Plaintiff presents this Court with no legal or factual basis for recusal or transfer, and instead relies on a pattern of vitriol, threats, and spite in an attempt to force her will on the judges that have presided over her many, many proceedings. As the Court of Appeals has made quite clear to Plaintiff before, her mere displeasure with the rulings of this Court is not an adequate basis for

---

determining what sort of process Plaintiff received in those proceedings. See (Docs. 31-3 – 31-5).

recusal. Id. at *3 (citing Securacomm Consulting Inc. v. Securacom, Inc., 244 F.3d 273, 278 (3d Cir. 2000)).

Plaintiff has been warned in an earlier case that "by filing motions that she knows to be abusive, harassing, or meritless, she exposes herself to sanctions under Rule 11 of the Federal Rules of Civil Procedure," and "that Rule 11 sanctions also may be issued if she persists in the use of the vitriolic and harassing language that has been characteristic of her filings to date." (Doc. 6 at 3 n.4) Coulter v. Ramsden, No. 12-978 (W.D. Pa. Aug. 21, 2012) (citations omitted). Given the baseless accusations and venomous language found throughout her objections, which were filed on August 31, 2012, Plaintiff hereby is given notice that, should she continue to file motions that she knows to be frivolous, malicious, and/or which contain abusive language or baseless accusations, she will be ordered to show good cause why she should not be sanctioned under Rule 11. Such sanctions "may include nonmonetary directives [or] an order to pay a penalty into court[.]" Fed. R. Civ. P. 11(c)(4).

Furthermore, this is the third of seven civil rights cases that have been filed in this Court by Plaintiff since September of 2011. All of these cases appear connected with state court proceedings involving Plaintiffs' criminal conviction for assaulting her minor child, and/or the subsequent termination of her parental rights. Compare Civ. A. Nos. 11-1201, 12-60, 12-338, 12-641, 12-978, 12-1050, and 12-1241. Plaintiff appealed from the dismissal of 11-1201 on March 26, 2012. The dismissal of that case was affirmed summarily on May 30, 2012. See Coulter v. Doerr, No. 12-1864, 2012 WL 1941594 (3d Cir. May 30, 2012). Chief United States District Judge Gary L. Lancaster dismissed 12-641 for lack of jurisdiction on June 17, 2012, and that decision also has been affirmed by the Court of Appeals. See Coulter v. Allegheny Cnty. Bar Assoc., No. 12-2988, slip op. (3d Cir. Sept. 13, 2012). This Court dismissed 12-978 for lack

4

of subject matter jurisdiction on August 21, 2012, and, while no appeal from that decision currently is pending, Plaintiff still is within the 30-day period during which she may file notice of appeal. As of the date of this writing, motions to dismiss are pending in 12-60. Orders to show cause currently are pending in 12-1050 and 12-1241.

The filing of duplicative litigation is, by definition, malicious and frivolous. Cf. McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997) (holding, in the prisoner litigation context, that "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious") (quotation marks and alteration omitted). Additionally, this Court notes that Plaintiff explicitly has stated that she has no intention to stop filing duplicative cases based on the underlying state court actions. See (Doc. 3 at 5) Ramsden, No. 12-978 (in which Plaintiff threatens that she is "stubbornly intent on continuing to respond to the abuses of the 'Justice System' in an unwavering attempt at [sic] assuring that such abuses will not be perpetuated[,]" presumably by continuing to file duplicative lawsuits – regardless of the lack of legal merit to her claims).

Plaintiff's continued filing of frivolous and malicious litigation, which attack essentially the same core group of individuals, and are based upon essentially the same occurrences, exposes her to the possibility being found to be a vexatious litigant. See Fessler v. Sauer, 455 F. App'x 220, 224-25 (3d Cir. 2011). Vexatious litigants may be prohibited from filing further lawsuits without first obtaining leave of court. Id. at 224. If Plaintiff persists in filing additional harassing and duplicative litigation, she will be ordered to show good cause why such an order should not be entered against her.

After *de novo* review of the pleadings and documents in the case, together with the amended report and recommendation (Doc. 36), as well as Plaintiff's objections (Doc. 37), the following ORDER is entered:

AND NOW, this 13th day of September, 2012,

IT IS HEREBY ORDERED that this civil action is DISMISSED.

IT IS FURTHER ORDERED that, to the extent that Plaintiff's objections may be construed as a motion for recusal or transfer, the same is DENIED.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (Doc. 36), as it is modified by this memorandum order, is adopted as the opinion of the Court.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc:
**JEAN COULTER**
4000 Presidential Boulevard
Apartment #507
Philadephia, PA 19131